UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RVROOF.COM, Inc.,

    Plaintiff,

v.                                            Case No. 3:19-cv-674-J-34MCR

ARIZONA RV SPECIALIST, LLC,
d/b/a APR RV,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving

1

that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

On June 7, 2019, Defendant Arizona RV Specialist, LLC, d/b/a APR RV, filed a Notice of Removal (Doc. 1, Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida. See Notice at 1. In the Notice, APR RV asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. See id. at ¶ 3. APR RV alleges that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, Florida and Arizona." Id. However, upon review of the Notice and attached Complaint, see Doc. 1-1 at 5-10 (Complaint), the Court finds that APR RV has failed to allege sufficient facts to plausibly demonstrate that the parties are diverse, and that the amount in controversy exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

This case arises out of an alleged breach of a restrictive covenant between RVROOF.COM and APR RV. See generally Complaint. In the Complaint, RVROOF.COM alleges that it "was and is a corporation organized under the laws of the State of Florida that maintained an office for the regular transaction of business in Clay County, Florida." Id. at ¶ 2. It also alleges that "Defendant was and is a limited liability company organized under the laws of the State of Arizona that maintained an office for the regular transaction of business in Mesa, Arizona." Id. at ¶ 3. Based on this language, APR RV erroneously asserts that because the parties are from different states, diversity of citizenship is established. See Notice at ¶ 3.

2

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P., 374 F.3d at 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).

Here, APR RV is denominated as an LLC, but the Defendant appears to assert its citizenship as if it is a corporation. As such, the Court is unable to determine APR RV's citizenship. First, Defendant must specify whether APR RV is an LLC or a corporation. If, despite its name, APR RV is a corporation, Defendant must sufficiently allege its place of incorporation and its principle place of business. However, if APR RV is, as it appears to be, an LLC, then Defendant must identify the citizenship of each of APR RV's members.[1]

Additionally, in the Complaint Plaintiff states that RVROOF.COM "was and is a corporation organized under the laws of the State of Florida that maintained an office for the regular transaction of business in Clay County, Florida." Complaint at ¶ 2. While this allegation identifies RVROOF.COM's state of incorporation, it does not sufficiently reflect RVROOF.COM's principal place of business. See Hertz Corp., 559 U.S. at 80. Nor does

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

the Defendant's Notice provide information to allow the Court to ascertain RVROOF.COM's principal place of business. In Hertz Corp., the Supreme Court explained that

> that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Id. at 92–93. The allegation that RVROOF.COM has an office in Clay County, Florida, is insufficient to establish its principal place of business. See Complaint at ¶ 2. Moreover, APR RV's general assertion that RVROOF.COM is a citizen of Florida does not help clarify the matter. See Notice at ¶. Accordingly, the information presently before the Court, as to both Plaintiff and Defendant, is insufficient to invoke the Court's subject matter jurisdiction over this action based upon diversity of citizenship.[2]

Finally, the Court notes that in the Complaint, Plaintiff alleges that its damages exceed $15,000.00, exclusive of interest and costs. See Complaint ¶ 1. In seeking

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1222, 1227-28 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

recovery from APR RV for its alleged violation of the restrictive covenant, RVROOF.COM has sought relief in the form of a permanent injunction and reformation of the restrictive covenant between the parties. Id. at 8-10. However, beyond RVROOF.COM's general allegation that its damages exceed $15,000, RVROOF.COM does not actually seek monetary relief from APR RV, or allege a particular amount of damages.

In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[3]

---

[3] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal,

Here, APR RV fails to present a "plausible allegation" of the amount in controversy. It its Notice, APR RV does nothing more than generally assert that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." Notice at ¶ 3. This allegation fails to provide the Court with any specific, factual information from which the Court can determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding any monetary damages arising from APR RV's alleged violation of the restrictive covenant between the parties. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars' – only through speculation – and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). Under these circumstances, the Court is unable to determine whether the amount in controversy requirement is satisfied here.

For all of the above reasons, APR RV[4] has failed to provide the Court with sufficient information for the Court to determine whether it has diversity jurisdiction over this action. As such, it is **ORDERED**:

---

except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

[4]The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

Defendant APR RV shall have up to and including June 26, 2019, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 12th day of June, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc26

Copies:
Counsel of Record