UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RVROOF.COM, Inc.,

      Plaintiff,

                                  Case No.: 3:19-cv-674-J-34MCR

v.

ARIZONA RV SPECIALIST, LLC
d/b/a APR RV;

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendant, Arizona RV Specialist, LLC d/b/a APR RV ("APR"), requests this Court enter an Order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  In support of this Motion, APR states:

## INTRODUCTON AND FACTUAL BACKGROUND

1.      Plaintiff filed a Complaint in this case on April 19, 2019.[1]

2.      Plaintiff served APR with the Complaint on May 14, 2019.[2]

3.      APR filed a Notice of Removal on June 7, 2019.[3] This Court exercised its jurisdiction over this matter on the same day.[4]

4.      APR is a limited liability company based in Mesa, Arizona, that specializes in recreational vehicle ("RV") body repairs and replacements.[5]

---

[1] *See* Dkt 4, Complaint against Arizona RV Specialists, LLC (hereinafter "Complaint").
[2] *See* Dkt 1, Notice of Removal.
[3] *See* Dkt 1, Notice of Removal.
[4] *See* Dkt 2, NEW CASE ASSIGNED.
[5] Complaint, ¶ 3.

{00367713 1 }

5.    Plaintiff owns and sells a product called RV FlexArmor designed to repair and seal RV roofs.[6]

6.    On April 22, 2014, APR came to an agreement with Plaintiff to buy Plaintiff's product for use on the RVs that APR repairs.[7]

7.    Plaintiff and APR agreed to an Amendment to the Service Agreement that does not include the non-competition clause after termination of the agreement.[8]

8.    On or about January 31, 2019, Plaintiff and APR ended their business relationship.[9]

9.    In Count I, Plaintiff seeks injunctive relief against APR for an alleged non-compete clause that limits APR from competing with Plaintiff for two years following the termination of their business agreement.[10]

10.    In Count II, Plaintiff requests a reformation of the agreement between APR and Plaintiff in relation to an addendum signed by both parties on April 22, 2014, the same day the original agreement was signed.[11]

11.    Even construing the Complaint in a light most favorable to the Plaintiff, the Complaint fails to contain sufficient factual allegations to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure.

12.    In Fla. Stat. § 542.16, the State of Florida has a general prohibition on restraints of trade or commerce in order to foster effective competition and complement federal antitrust statutes. Fla. Stat. § 542.18; 15 U.S.C. § 1. Plaintiff fails to sufficiently allege an enforceable business relationship for non-competition under Fla. Stat. § 542.335.

---

[6] Complaint, ¶ 6.
[7] Complaint, ¶ 4.
[8] Complaint, ¶ 11.
[9] Complaint, ¶ 8.
[10] Complaint, ¶¶ 16-22.
[11] Complaint, ¶¶ 23-29.

13.     Plaintiff fails to sufficiently allege the misappropriation of a legitimate business interest or the reasonable necessity of the restrictive covenant with any specificity.

14.     Instead, the allegations are conclusory and simply recite general elements rather than provide a factual basis for the elements, thereby making it difficult for APR to prepare a substantive response.   Accordingly, the Complaint should be dismissed with prejudice in its entirety.

<b><u>MEMORANDUM OF LAW</u></b>

**I.      Standard for a Motion to Dismiss**

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, the factual allegations made in a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This means that a plaintiff has an obligation to provide a basis or grounds for relief, and it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  In that regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and if a plaintiff "ha[s] not nudged his claims across the line from conceivable to plausible, his complaint must be dismissed." *Id.* at 570.  Mere labels and legal conclusions do not withstand a 12(b)(6) motion to dismiss. *Id.*

In addition, "[d]ismissal is warranted under [Rule] 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Schwab v. Huntington Nat'l Bank*, No. 2:12-cv-315-FtM-99SPC, 2013 WL 655248, at *1 (M.D. Fla. Feb. 22, 2013).  A court may grant a motion to dismiss if the defendant demonstrates beyond

a doubt that the plaintiff will be unable to prove any set of facts that would entitle the plaintiff to relief for her claim. *Harper v. Blockbuster Entm't. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

**II.      Plaintiff's Complaint should be dismissed because Plaintiff's allegations are unenforceable under Fla. Stat. 542.32.**

Following the execution of the Authorized Service Center Agreement ("Agreement"),[12] Plaintiff alleges that APR and Plaintiff entered into a "Service Agreement Amendment" ("Amendment") that includes a non-compete clause that does not illegally restrict APR's right to contract following the termination of the Agreement.[13] Plaintiff admits that the Amendment is valid and was agreed to by both parties, only attempting to offer an alternative interpretation and seeking reformation from this Court.[14] The Amendment states that "the parties hereto desire to amend the Agreement as hereinafter set forth."[15] The Amendment then provides for a new section titled "2.5 Non-compete" which does not include the restrictive covenant for two years following the termination of the Agreement.[16] Therefore, the Court should dismiss the Complaint with prejudice because the Amendment does not contain a restrictive covenant which renders the initial restrictive covenant void and unenforceable. However, in the alternative, the restrictive covenant in the Authorized Service Center Agreement is unenforceable as a matter of law.

**A.      State and Federal law generally prohibits a restraint on trade or commerce unless an exception is met.**

In its Complaint, Plaintiff has failed to state a claim against APR and its allegations in its Complaint are unenforceable under Florida and Federal law. First, it is clear under Florida law that there is a general prohibition of a restraint on trade or commerce. Fla. Stat. § 542.18 states, "Every contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful."

---

[12] Complaint, Exhibit A.
[13] Complaint, ¶¶ 10-11.
[14] Complaint, Exhibit B; Complaint, ¶¶ 24-28.
[15] Complaint, Exhibit A, p. 8.
[16] Complaint, Exhibit A, p. 8; Complaint, ¶ 11.

Likewise, "[t]he Legislature declares it to be the purpose of this act to complement the body of federal law prohibiting restraints of trade or commerce in order to foster effective competition. It is the intent of the Legislature that this act be liberally construed to accomplish its beneficial purpose." Fla. Stat. § 542.16. Under Federal law, Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States or with foreign nations, is declared to be illegal." 15 U.S.C. § 1. There is a clear principle of freedom of trade and commerce in both the Federal and State of Florida laws. However, there are exceptions to this general principle.

§ 542.335, Fla. Stat., provides for specific situations in which a contract can be enforced to "restrict or prohibit competition during or after the term of restrictive covenants . . . ." The statute states that a restrictive covenant must be "reasonable in time, area, and line of business" and be "set forth in writing signed by the person against whom enforcement is sought." § 542.335(1)(a). Likewise, the statute explains that in order to enforce a restrictive covenant, the party seeking enforcement "shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant." § 542.335(1)(b). "Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable." § 542.335(1)(b). A restrictive covenant may be no broader than is necessary to protect the legitimate business interest at issue. *Lucky Cousins Trucking, Inc. v. QC Energy Res. Texas, LLC*, 223 F. Supp. 3d 1221, 1225 (M.D. Fla. 2016).

**B.    Plaintiff cannot sufficiently or plausibly allege the otherwise illegal restrictive covenant is enforceable under § 542.335.**

According to Florida and Federal law, the restrictive covenant is illegal, void and unenforceable. APR does not qualify as a competitor. Plaintiff does not sufficiently or plausibly allege that APR is a valid competitor misappropriating a legitimate business interest of Plaintiff's

under § 542.335 reasonably necessitating a restrictive covenant. Plaintiff does not sufficiently allege that APR was an employee, independent contractor, distributor, dealer, franchisee, or licensee of a trademark as enumerated in § 542.335(d)(1-2). Instead, the contract on which Plaintiff relies upon as a restrictive covenant, titled the Authorized Service Center Agreement ("Agreement"), refers to APR as a "Service Center" which is "experienced in the business of repairing recreational vehicles and have an established recreational vehicle service center."[17] As a "business of repairing recreational vehicles" in Arizona, APR buys and uses many types of products to repair recreational vehicles at its service center.[18] Plaintiff alleges that APR also used "Rhino Lining Products" for other aspects of its servicing of clients.[19]

The Agreement treats APR as the purchaser of a product or customer of a business relationship.[20] Plaintiff also alleges that the relationship was one of APR purchasing Plaintiff's product. In fact, Plaintiff alleges that APR "purchased numerous 55-gallon drums with primer and cleaning agents from Plaintiff in Clay County, FL."[21] Likewise, Plaintiff was "invoicing" APR and "payments were made by Defendant to Plaintiff's business at Clay County, FL."[22] However, APR was not the exclusive provider of Plaintiff's product in the "Territory" that APR is located.[23]

Plaintiff alleges that, after the termination of their business relationship, APR uses a different but similar product called "VersaCoat-HD" in its service center.[24] Plaintiff alleges that it is in competition with APR. However, Plaintiff's allegations make it clear that VersaCoat-HD is its competitor.[25] APR now uses the product produced by Plaintiff's competitor. Even if APR and

---

[17] Complaint, Exhibit A, Section B.
[18] Complaint, Exhibit A, Section B.
[19] Complaint, ¶ 26.
[20] Complaint, Exhibit A, Section 1.4.
[21] Complaint, ¶ 7(A).
[22] Complaint, ¶ 7(B).
[23] Complaint, Exhibit A, Section 2.4.
[24] Complaint, ¶ 9.
[25] Complaint, ¶ 9.

Plaintiff are in competition, that alone is not a valid reason for legal action. "Competition for business by a competitor is not actionable, even if intentional, unless the competitor is attempting to induce a customer to breach a contract that is not terminable at will." *See Sethscot Collection, Inc. v. Drbul*, 669 So. 2d 1076, 1078 (Fla. 3d DCA 1996); *Talk Fusion, Inc. v. Ulrich*, 8:11-CV-1134-T-33AEP, 2011 WL 2681677, at *7 (M.D. Fla. June 21, 2011), report and recommendation adopted, 811-CV-1134-T-33AEP, 2011 WL 2681848 (M.D. Fla. July 11, 2011). Protection from "ordinary competition is not a legitimate business interest," and "a covenant designed solely for that purpose will not be enforced." *Evans v. Generic Sol. Eng'g, LLC*, 178 So. 3d 114, 116 (Fla. 5th DCA 2015) *citing PartyLite Gifts, Inc. v. MacMillan*, 895 F. Supp. 2d 1213, 1224 (M.D. Fla. 2012). Plaintiff does not allege that APR created a substantially similar product but only contracted with another supplier of a similar product which is its right under Florida and Federal law. Plaintiff also does not allege that it is currently in competition with APR in Arizona or that it currently has an active "service center" in Arizona. Plaintiff's sole purpose seems to be stopping any competition from VersiCoat-HD which is an illegal restrictive covenant and opposed to the purposes of Florida and Federal law in encouraging competition among business.

Therefore, Plaintiff's Complaint should be dismissed by this Court with prejudice because Plaintiff's allegations are not actionable or enforceable under Florida or Federal law.

### C.     Plaintiff does not sufficiently allege legitimate business interests justifying an otherwise illegal restraint of trade.

In Florida, for a restrictive covenant to be valid, "[t]he person seeking enforcement of [the] restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant." Fla. Stat. § 542.335(1)(b). Plaintiff fails to sufficiently allege and plead the existence of a legitimate business interest in its Complaint. Plaintiff has an obligation to provide a basis or grounds for relief that "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555 (2007).

### 1. Plaintiff does not sufficiently allege trade secrets as a legitimate business interest.

In the Complaint, Plaintiff alleges it "must protect trade secrets (namely its proprietary formula and the method of application of that proprietary formula)." In Florida, a trade secret is defined as information, including a formula, pattern, compilation, program, device, method, technique, or process that (1) derives independent economic value from not being generally known to and not readily ascertainable by others who can obtain economic value from its disclosure or use and (2) is the subject of reasonable efforts to maintain its secrecy. See Fla. Stat. § 688.002(4). In an action involving alleged trade secrets, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy. *American Red Cross v. Palm Beach Blood Bank*, 143 F.3d 1407, 1410 (11th Cir.1998) (applying Florida law).

Plaintiff makes no allegations to how APR is misappropriating its proprietary formula or the application of the formula. Plaintiff does not allege the elements to qualify its product as a trade secret. Plaintiff does not allege that APR copied or attempted to steal "its proprietary formula" to make its own product after learning of Plaintiff's trade secret.[26] To the contrary, Plaintiff simply alleges that APR uses another company's similar product called VersiCoat-HD.[27] Plaintiff makes no allegations that VersiCoat-HD has used its trade secrets or collaborated with APR on Plaintiff's alleged trade secrets. Plaintiff only alleges that APR uses a competitor's

---

[26] Complaint, ¶ 18.
[27] Complaint, ¶ 9.

brand.[28] Plaintiff does not allege that APR has divulged any trade secrets in regard to the formula. Plaintiff "must also demonstrate irreparable harm that is 'actual and imminent,' not merely remote or speculative." *Lucky Cousins Trucking, Inc.*, 223 F. Supp. 3d at 1226 *quoting Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff does not provide any allegation of imminent harm.

Similarly, Plaintiff does not allege that APR is using its "specialized training" in its application of Plaintiff's competitor product, VersiCoat-HD. Plaintiff does not allege that APR is divulging information concerning its training with Plaintiff to VersiCoat-HD or any other entity. Plaintiff's allegations and the attached Agreement do not sufficiently allege "extraordinary" training. Plaintiff "fail[s] to articulate exactly how the information is unique or proprietary or to explain how [Defendant] could unfairly utilize that information to compete against it." *Lucky Cousins Trucking, Inc.*, 223 F. Supp. 3d at 1226. It is important to note that the Agreement describes APR as experienced before its affiliation with Plaintiff.[29] *See Lucky Cousins Trucking, Inc.*, 223 F. Supp. 3d at 1226 *citing Passalacqua v. Naviant, Inc.*, 844 So. 2d 792, 796 (Fla. 4th DCA 2003) (finding no protectable interest training where employees had prior experience in making cold call sales and testified that the company's sales tactics were generic)). Therefore, APR has previous experience applying other polyurea-based products. "Generic allegations do not establish a legitimate business interest." *Lucky Cousins Trucking, Inc.*, 223 F. Supp. 3d at 1226. Therefore, using a competitor's brand after the termination of a business relationship is not a trade secret under Florida law that justifies an otherwise illegal restrictive covenant.

> **2. Plaintiff makes conclusory and insufficient allegations regarding the reasonable necessity of other legitimate business interests including its "substantial" customer relationships.**

---

[28] *See* Complaint, ¶¶ 9, 13.
[29] Complaint, Exhibit A, Section B.

Plaintiff provides no further allegations concerning legitimate business interests or why a restrictive covenant is necessary except to state in a conclusory fashion that the "restraint is reasonably necessary to protect legitimate business interest or interests justifying the restriction."[30] Plaintiff recites, with no specificity, other potential legitimate business interests such as "valuable confidential business and professional information . . . it must protect substantial relationships with specific prospective or existing customers or clients; and it must protect its customer goodwill associated with the State of Arizona, its specific marketing to the RV community in Arizona and, additionally, the extraordinary and specialized training it provided to Defendant."[31]

Plaintiff nearly word for word recites § 542.335(b)(1-5) without any specificity to the instant matter:

> The term "legitimate business interest" includes, but is not limited to:
>
> 1. Trade secrets, as defined in s. 688.002(4).
> 2. Valuable confidential business or professional information that otherwise does not qualify as trade secrets.
> 3. Substantial relationships with specific prospective or existing customers, patients, or clients.
> 4. Customer, patient, or client goodwill associated with:
>> a. An ongoing business or professional practice, by way of trade name, trademark, service mark, or "trade dress";
>> b. A specific geographic location; or
>> c. A specific marketing or trade area.
> 5. Extraordinary or specialized training.

Fla. Stat. § 542.335(b)(1-5). A formulaic recitation of the elements is insufficient. Plaintiff does not allege in a sufficient fashion that it has client lists in Arizona, substantial relationships with current or prospective customers in Arizona that are now in jeopardy, customer goodwill in the State of Arizona that is at risk due to APR, or any other allegations of legitimate business interests.

---

[30] Complaint, ¶ 19.
[31] Complaint, ¶ 18.

Other than its conclusory recitation of harm, Plaintiff does not sufficiently allege that it has been harmed. Plaintiff does not even allege that it is currently selling to another entity or "service center" in Arizona to compete for customers with APR or VersiCoat-HD at this time. Therefore, Plaintiff has failed to sufficiently allege that the restrictive covenant is necessary or justified to protect legitimate business interest.

**III.        Plaintiff cannot sufficiently or plausibly allege a valid cause of action in Count II for Reformation of Agreement.**

Plaintiff fails to allege valid causes of action in Count II for "Reformation of Agreement." A court of equity has the power to reform a written instrument where, due to a mutual mistake or fraud, the instrument as drawn does not accurately express the true intention or agreement of the parties to the instrument. *Tobin v. Mich. Mut. Ins. Co.*, 948 So. 2d 692 (Fla. 2006) quoting *Providence Square v. Biancardi*, 507 So. 2d 1366, 1369 (Fla.1987). In reforming a written instrument, an equity court in no way alters the agreement of the parties but, instead, the reformation only corrects the defective instrument so that it accurately reflects the true terms of the agreement actually reached. *Providence Square*, 507 So. 2d at 1370; *Porter v. Meigs*, 74 So.2d 82 (Fla. 1954).

"Generally, the federal courts are not here to protect sophisticated business actors from each other, and in the absence of fraud or other sufficient cause for doing so, we will not reform the contract between two such parties." *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F. 3d 997, 1010 (11th Cir. 2003) citing *Buce v. Allianz Life Ins. Co.*, 247 F.3d 1133, 1150 (11th Cir. 2001) ("[T]he parties to a contract have the right to define the terms of that contract."), *cert. denied*, 534 U.S. 1065, 122 S.Ct. 666, 151 L.Ed.2d 580 (2001). APR and the Plaintiff are organized corporations that are "sophisticated business actors" that agreed on the terms of the contract. Plaintiff is alleging mistake, and not fraud by APR. Therefore, the contract

should not be reformed, since plead as a mistake. Thus, Count II should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Defendant, Arizona RV Specialist, LLC d/b/a APR RV, requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice for failure to state a claim under Rule 12(b)(6).

Dated this 14 day of June 2019.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
David E. Chauncey
Florida Bar No. 0119497
E-mail: david.chauncey@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of this filing to Brad Kelsky, (bradkelsky@kelskylaw.com) KELSKY LAW, P.A., 1250 S. Pine Island Road, Suite 250, Plantation, FL 33324.

_____
ATTORNEY